## JOSIAH S. SWIFT *versus* LEONARD LUCE.

Courts of justice can give effect to Legislative enactments, only to the extent to which they may be made to operate, by a fair and liberal construction of the language used. It is not their province to supply defective enactments by an attempt to carry out fully the purposes, which may be supposed to have occasioned those enactments. This would be but an assumption by the judicial of the duties of the legislative department.

The statute of 1844, (c. 117,) entitled " An act to secure to married women their rights in property," has not so altered the common law, as to enable a *feme covert* to sell her personal property, without the assent of her husband.

TROVER for sundry articles of household furniture, &c., alleged to have been converted by the defendant to his own use. The writ was dated Nov. 24, 1845.

The parties agreed upon a statement of facts, from which it appeared, that E. N. Sprague, then a widow, before the thirty-first day of October, 1844, was the owner and possessor of the articles alleged in the declaration, to have been converted to the use of the defendant; that on that day, she intermarried with the defendant; that after the marriage, the articles were carried to the defendant's house, with her consent, and used in the family; that on August 17, 1845, she left the house of the defendant, without his consent, and went to reside with the plaintiff, who was the husband of her sister; that after her removal to the house of the plaintiff she made a bill of sale of the articles to him, and received his promissory note for their full value; that the plaintiff then went with the wife of the defendant to his house and there demanded the articles; that the defendant refused to give them up to the plaintiff, or permit him to take them, and ordered him to leave the house; and that the defendant has not in any way assented to the sale of the articles by his wife.

If the plaintiff was entitled to recover, a default was to be entered; and if not, a nonsuit.

The case was argued by

*R. Goodenow,* for the plaintiff — and by

*H.* and *H. Belcher,* for the defendant.

The opinion of the Court, WHITMAN C. J. taking no part in the decision, not having heard the arguments, was by

SHEPLEY J. — This is an action of trover brought to recover the value of certain articles of household furniture and of clothing. The title of the plaintiff is derived from a sale of them, alleged to have been made by the wife of the defendant. It is admitted to have been made by her without the consent or authority of her husband. Those articles were her property before she was married to the defendant, and that marriage took place since the act of March 22, 1844, c. 117, became operative. It is insisted by the counsel for the plaintiff, that the act, to have the effect intended, must receive such a construction, as will enable a *feme covert* to dispose of such property, as she might have done before her marriage. It was the intention of the Legislature, as the title of the act declares, to secure to married women their rights in property, and it should receive such a construction, as will make that intention effectual, so far as it can be done consistently with the established rules of law. But courts of justice can give effect to legislative enactments only to the extent, to which they may be made operative by a fair and liberal construction of the language used. It is not their province to supply defective enactments by an attempt to carry out fully the purposes, which may be supposed to have occasioned those enactments. This would be but an assumption by the judicial of the duties of the legislative department. It may often be quite uncertain, as it is in this instance, to what extent, and in what manner, if in any, it was designed, that they should be carried out.

The first section of the act provides, that a married woman may become seized or possessed of property real or personal in her own name, and as of her own property, if it does not come from her husband. It is not applicable to a case like the present.

The second section provides, that " hereafter when any woman possessed of property real or personal shall marry, such property shall continue to her notwithstanding her coverture, and she shall have, hold and possess the same, as her separate

Swift *v.* Luce.

property, exempt from any liability for the debts or contracts of the husband."

The counsel for the defendant contend, that the intention was to change the existing law, so far only as to continue to the wife after her marriage, the right to her former property, for the purpose of exempting it from attachment for the debts of her husband.

Such a construction would not give effect to the language of the first clause declaring, that such property shall continue to her notwithstanding her coverture. " Such property shall continue to her," was doubtless designed as a declaration, that the property which she possessed before marriage, should continue to be her property notwithstanding her coverture. The intention appears to have been to annul that rule of the common law, by which the husband by the marriage became the owner of the personal property of his wife, and entitled to receive the income of her real estate. And the latter clause of the section appears to have been designed to protect her property, by declaring it to be exempt from any liability for the debts and contracts of her husband. This construction is in accordance with the enactments of the third section, which in effect provides, that the wife shall continue to have the control of such property after her marriage, unless she releases the control of it to her husband.

There does not appear to have been any language used in the act with a design to remove the disabilities imposed by the common law upon a *feme covert*, and to enable her, contrary to its rules, to make sales and purchases of property. There is nothing in the act to indicate, whether it was or was not the intention of the legislature to allow a *feme covert* to sell, devise, lease, or otherwise make any disposition of her property, so as to deprive the husband during her life, or after her decease, of all benefit to be derived from it. There is no provision made, by which she can enforce her rights by an action at law, without the concurrence of her husband, for the purpose of protecting her property from injury, waste, or destruction, committed by her husband, or by any other person. The act

does not determine, whether the husband, should he survive the wife, shall be entitled to any right in her personal property or to her real estate during his life.

The common law regulating the rights and duties of husband and wife, must be regarded as operative so far, as it has not been changed by the provisions of the statute; and it has not been altered so as to enable a *feme covert* to sell her personal property. *Plaintiff nonsuit.*