PORTLAND, SACO & PORTSMOUTH R. R. CO. *vs.* CITY OF SACO.

*Taxes—exemption. Depots and other buildings of railroad corporations not exempt.*

R. S., 1857, c. 6, § 4, providing 'that the track of the road and the land on which it is constructed, shall not,' for the purpose of taxation, 'be deemed real estate,' does not apply to, and exempt from taxation, depots and other erections of railroad corporations upon land owned by them.

Personal property belonging to a railroad corporation, but not composing any part of its capital stock, is liable to be taxed where the corporation has its place of business.

In an action by a railroad corporation against a town to recover back money paid for taxes assessed upon wood, upon the ground that its place of business was not in the defendant town, the *onus* is upon the plaintiffs to show where it was.

Such an action pending before the full court upon an agreed statement will fail unless it appear that its place of business was not in the defendant town.

ON REPORT.

ASSUMPSIT to recover amount of taxes assessed for the year 1866, and paid under protest Sept. 23, 1867.

The amount of the inventory of real estate upon which the tax was assessed was $3,420, including depot buildings at $2,000. The inventory of personal estate was 100 cords of wood at $4 per cord. The aggregate tax $84.04.

The main track of the plaintiffs passes through the main passenger depot, leaving only the wall of the building upon the northeasterly side of the track, while all the rooms and platforms lie on the opposite side.

The other buildings connected with the passenger depot, used for wood-sheds and storage are contiguous to, but not over or across any track, though wholly within the four rods taken for the road by the plaintiff.

The cord-wood had been bought, cut, and piled by the plaintiffs for their own use on and about the trains and depot in their ordinary course of business.

The other facts sufficiently appear in the opinion.

The court to enter legal judgment.

*Edward Eastman*, for the plaintiffs, cited *Worcester* v. *Western R. R. Corp.*, 4 Met. 564; *Lehigh Nav. Co.* v. *Northampton County*, 8 Watts & Serg. 334; *Railroad* v. *Berks County*, 6 Barr, 70; *Vermont Central R.* v. *Burlington*, 28 Verm. 193; Mass. R. S., 1836, c. 7, § 2; R. S., 1857, c. 6, § 2; Pub. Laws, 1843, c. 9; Pub. Laws, 1845, c. 165; *B. & P. R. R. Co.* v. *Harris*, 21 Maine, 533.

*E. B. Smith*, for the defendants.

DICKERSON, J. The plaintiffs claim to recover back money paid by them to the defendants, for taxes alleged to have been illegally assessed upon their depot buildings and real estate, and, also, upon one hundred cords of wood, the property of the plaintiffs, situate and being in the defendant city.

It is agreed that the proceedings of the city and its officers in raising the money, and in assessing and collecting the taxes, were in accordance with the provisions of the statute, and that the taxes were paid by compulsion and under protest.

The power of taxation extends to all the persons and property of the body politic, whether private or corporate. It is a necessary incident of the right of property, that it is liable to bear a share of the public burdens. This right of taxation is inherent in the government, and need not be reserved where property of any description, or the right to use it in any manner, is granted to individuals or corporations; and its exercise, with respect to any particular species of property, real or personal, will not be presumed to have

been relinquished by the legislature. In order to entitle any kind of property to exemption from taxation, the intention of the legislature to exempt it must be expressed in clear and unambiguous terms; taxation is the rule; exemption is the exception. *Bangor* v. *Stetson*, 56 Maine, 204.

In this State all real estate is expressly made subject to taxation, unless when specifically exempted; and, for the purposes of taxation, the term real estate includes 'all lands and all buildings and other things erected on or affixed to the same.' R. S., 1857, c. 6, §§ 2, 3.

It is obvious that, under this statute, railroad depots and other buildings erected upon the land of railroad corporations are to be regarded as real estate for the purposes of taxation. But the counsel for the plaintiff corporation contends that such erections are exempted from taxation by R. S., 1857, c. 6, § 4, which provides ' that the track of the road and the land on which it is constructed, shall not, for the purposes of taxation, be deemed real estate.'

We do not think that such is the true construction of that provision of the statute. It certainly does not, in terms, have such meaning; and, as exemption from taxation is against common right, the statute must be strictly construed. The exemption from taxation is limited to ' the track of the road and the land on which it is constructed ; ' it does not, in terms, extend to their appurtenances. Railroad depots constitute no part of 'the track of the road.' If they are exempted from taxation, it is because they are to be regarded as ' the land on which the track is constructed.'

But how can they be regarded in this light ? They are not land, but are clearly distinguishable from it. The definition of the terms, depot, and land, are distinct and dissimilar. A description of the one does not answer for the other, nor does the mention of either include the other. Besides, a previous section of the same chapter of the statute (§ 2) makes ' all buildings and other things erected on or affixed to land, real estate for the purposes of taxation.' Such erections are taxable, as real estate, and the land on which they rest is, also, taxable. For the purposes of taxation

## YORK COUNTY. 199

Portland, Saco, and Portsmouth Railroad Company v. City of Saco.

each is separate and distinct from the other. The exemption of the land from taxation does not imply the exemption of the buildings erected thereon, any more than the exemption of the buildings implies the exemption of the land. As respects taxation the two descriptions of property are as separate and distinguishable as real estate is from personal property. The statute means what it says, and no more ; if the legislature intended to give it a broader meaning than is expressed, it would have said so. The court will not enlarge the meaning of the statute by implication in order to give it an effect contrary to common right.

The liability to double taxation, or taxation of the real estate, and taxation of the shares which represent it, is obviated by R. S., 1857, c. 6, § 11, which provides that in assessing the stockholders for their shares in the corporation, the proportional part of the real estate shall be deducted from the value of such shares. In giving a construction to this identical provision, contained in a previous statute, the court, Rice, J., delivering the opinion, held, that, notwithstanding the charter of the plaintiff corporation required that the whole property of the corporation should be divided into shares, and that such shares should in all respects be considered, as personal estate, the real estate of the corporation, as such, was liable to taxation.

We do not think that, either upon principle or authority, railroad corporations are entitled to an immunity from sharing the public burdens attached to their real estate, arising from their public character, duties, and obligations, or their qualified right to, or limited use of, the real estate acquired under their charter by right of eminent domain ; and certain we are, that if there is any such implied exemption, it is subordinate to the sovereign power of taxation vested in the legislature.

The case of *Inhabitants of Worcester* v. *The Western R. R. Corporation*, 4 Met. 564, cited by the counsel for the plaintiffs, is not applicable to the question under consideration which depends upon the construction of the statutes of this State relating to taxation. The court in this State, at least, has never denied the power of the

legislature to authorize the taxation of the description of property under consideration, and if the court in Massachusetts has given railroad corporations such immunity from legislative authority, this court does not feel at liberty to follow its example. Broad and comprehensive as the doctrine of *Inhabitants of Worcester* v. *The Western R. R. Co.* is, we do not understand that it denies to the legislature authority over this subject. However this may be, we do not regard that case as authority for the one at bar.

The grounds of our decision may be thus stated. Rule X, for the construction of statutes, declares that 'the words, "real estate," include lands and all tenements and hereditaments connected therewith, and all rights thereto, and interests therein.' Under this rule, an easement which is a right that one proprietor has to some profit, benefit, or lawful use out of, or over the estate of another proprietor, is to be regarded as 'real estate.' The rights of railroad corporations to land acquired by right of eminent domain constitute an easement. The statute makes all 'real estate' subject to taxation unless it is expressly exempted therefrom. By R. S., 1857, c. 6, § 4, 'the track of the road (of railroad corporations) and the land on which it is constructed' are not deemed 'real estate' for the purposes of taxation. This immunity from taxation is limited to the franchise, or right of way over the strip of land prescribed in the charter of the corporation, and to the track of the railroad, constructed thereon, and does not include the depots, engine-houses, turn-tables, car-houses, and other buildings, or erections. This conclusion is in harmony with the rights of property, and the theory of taxation, as recognized and maintained by courts of the highest authority. *Providence Bank* v. *Billings*, 4 Pet. 563; *Phila. & Wil. R. R.* v. *Maryland*, 10 How. 393.

The plaintiff corporation assumes the burden of proving that the taxes complained of were illegal. The remaining tax was assessed upon a quantity of wood in Saco. By R. S., 1857, c. 6, § 10, all personal property, except in certain enumerated cases, must be assessed to the owner in the town where he is an inhabitant. If the property belongs to a corporation, and does not compose a part of

its capital stock, it is liable to be taxed where the corporation has its place of business. *Augusta Bank* v. *City of Augusta*, 36 Maine, 255; Redfield on Railways, c. 30, § 228, cl. 5.

The agreed statement of facts does not show where the plaintiff corporation had its place of business, when this tax was assessed. We have, therefore, no means of determining whether the tax on the wood was illegal or not, and the burden being upon the plaintiff corporation, it must, also, fail upon this branch of the defense.

*Plaintiffs nonsuit.*

CUTTING, KENT, WALTON, and BARROWS, JJ., concurred.