**CASCO NORTHERN BANK, N.A.**

v.

**ESTATE OF Horst GROSSE and Arista B. Grosse**

v.

**Clyde W. CROWE and Ekaterine V. Crowe.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 27, 1995.

Decided May 3, 1995.

Gary J. Norton, Norton & Weeks, Bangor, for plaintiffs.

Dawn M. Pelletier, Bangor, for defendants.

Jerome B. Goldsmith, Bangor, for Crowes.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

WATHEN, Chief Justice.

Clyde W. and Ekaterine V. Crowe, as parties-in-interest, appeal from an order of the Superior Court (Penobscot County, *Mills, J.*) affirming the judgment of foreclosure and order of sale entered in the District Court (Bangor, *Hjelm, J.*) in favor of Casco Northern Bank (the Bank). The Crowes argue that the District Court erred in granting a summary judgment fixing the priority of the mortgages because of material facts in dispute on the issues of the existence of the Estate of Horst Grosse and the responsibility of Arista Grosse for the debt evidenced by the Bank's promissory note and mortgage. We conclude that there is a genuine issue of material fact regarding the responsibility of Arista Grosse for the debt secured by the Bank's mortgage. We vacate the summary judgment as against the Crowes.

Plaintiff Casco Northern Bank commenced a foreclosure action against defendants, Arista B. Grosse and the Estate of Horst Grosse, and against the Crowes as parties in interest. The defendants were served by publication, and did not answer the complaint. The Crowes filed an answer and claimed priority over the Bank's mortgage. The court granted a summary judgment to the Bank on the higher priority of its mortgage over that of the Crowes. The court issued a judgment of foreclosure and order of sale, and granted possession of the property to the Bank on expiration of the period of redemption and pending the public sale. The Crowes appealed to the Superior Court, which affirmed the

District Court's order in all respects except that it remanded for correction of the judgment of foreclosure to reflect the Crowes' first priority for one of their mortgages. The Crowes appeal.

The record reveals the following undisputed facts: Horst and Arista Grosse owned property in Veazie as joint tenants.[1] On August 10, 1989, Horst executed a promissory note and granted a mortgage deed to the Bank evidencing and securing a $30,000 debt. The mortgage was recorded on September 22, 1989. Horst failed to make payments due on the note. The Crowes hold a prior mortgage deed dated November 4, 1983, and recorded on November 7, 1983, securing a $52,000 debt. It is undisputed that this mortgage has priority over the Bank's mortgage. The Crowes also hold a mortgage deed dated November 4, 1983, and recorded after the recording of the Bank's mortgage. This later mortgage secured a $70,000 debt.

The following facts are disputed: The Bank claims that Arista Grosse, along with Horst Grosse, executed the note and granted the mortgage deed to the Bank. The Bank claims that Arista Grosse's signature was provided by Horst, pursuant to a power of attorney. The Crowes claim that Arista Grosse did not execute the Bank's promissory note and mortgage deed. They support their assertion with an affidavit signed by Arista Grosse stating that the mortgage deed to the Bank "does not contain my signature and I did not authorize anyone to sign my name, nor provide any power of appointment for such signature nor did I appear in Maine to sign this document nor did I afterwards ratify any signing of my name by any other person."

## Summary Judgment

The Crowes argue that the court erred in granting a summary judgment to the Bank. As parties in interest, they contend that they have the right to question whether the Estate of Horst Grosse existed and whether Arista Grosse was responsible for the debt and mortgage deed. They argue they have raised issues of material fact on these points.

When the Superior Court acts as an appellate court, we directly review the judgment of the District Court. *Ringuette v. Ringuette*, 594 A.2d 1076, 1078 (Me.1991). In reviewing a grant of summary judgment, we view the evidence in the light most favorable to the party against whom judgment has been granted, and review the trial court decision for errors of law. *United Air Lines, Inc. v. Hewins Travel Consultants, Inc.*, 622 A.2d 1163, 1166 (Me.1993). We independently determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *Security Pacific Nat'l Trust Co. v. Reid*, 615 A.2d 241, 243 (Me.1992).

### A. Capacity of Estate of Horst Grosse to be Sued

The Crowes argue that they have raised a genuine issue of material fact regarding the capacity of the Estate of Horst Grosse to be sued. The Crowes, however, failed to plead lack of capacity in their answer to the Bank's complaint. We agree with the District Court that the capacity of the estate as a defendant has not been properly placed in issue. *See* M.R.Civ.P. 9(a);[2] *Architectural Woodcraft Co. v. Read*, 464 A.2d 210, 212 n. 3 (Me.1983); *Royal Coachman Color Guard v. Marine Trading & Transp., Inc.*, 398 A.2d 382, 384 n. 3 (Me. 1979).

### B. Responsibility of Arista Grosse for Note and Mortgage

The Crowes argue, based on Arista's affidavit, that a genuine issue of material fact exists as to whether she executed the note and mortgage deed. As a preliminary matter, we address the Bank's contention that

1. Both mortgage deeds given to the Crowes provide that Horst and Arista Grosse granted the mortgages as joint tenants.

2. M.R.Civ.P. 9(a) requires the following:
   When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of

a party to sue or be sued in a representative capacity, the party desiring to raise the issue *shall do so by specific negative averment,* which shall include such supporting particulars as are peculiarly within the pleader's knowledge. (Emphasis added).

the affidavit failed to comply with M.R.Civ.P. 56(e) because sworn or certified copies of papers referred to within the affidavit were not attached, and because it was not made on personal knowledge. In granting a summary judgment to the Bank, the District Court did not directly address this issue in its decision.[3]

Rule 56(e) requires the following:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith....

*See also Vahlsing Christina Corp. v. Stanley,* 487 A.2d 264, 266 (Me.1985) (finding that defendant failed to comply with Rule 56(e) requirement that sworn or certified copies of all papers referred to in affidavit be attached). Although the affidavit did not have attached to it the mortgage deed or note, we do not find that the affidavit is fatally defective. The purpose of the affidavit was not to introduce these documents for court consideration. In fact, copies of the mortgage deed and note were included as part of the Bank's complaint for foreclosure, and the affidavit denied that she executed either document. Although Arista's affidavit fails to state that it was made on personal knowledge,[4] it is apparent from the body of the affidavit that she had personal knowledge whether she authorized the signing of her name to the document. *See Caron v. Bangor Pub. Co.,* 470 A.2d 782, 784 (Me.1984) (finding that affidavits made on knowledge, information, and belief may be considered because "[i]t is apparent that each affiant had personal knowledge of his own activities and thought processes with respect to the editorial in question"), *cert. denied,* 467 U.S. 1241, 104 S.Ct. 3512, 82 L.Ed.2d 821 (1984). We find that the affidavit should properly have been considered for the purpose of a summary judgment.

■ We next address the effect of defendants' failure to answer the Bank's complaint on the summary judgment proceeding. Although the District Court did not specifically refer to their failure to answer, the Superior Court noted that "[b]ecause the Defendants were defaulted, the allegations against them in the complaint are deemed admitted." We agree that the Bank's averments that Arista Grosse executed the note and mortgage deed are deemed admitted as against defendants because they did not answer the Bank's complaint. *See* M.R.Civ.P. 8(d). Defendants' failure, however, does not bind the Crowes. As parties in interest pursuant to 14 M.R.S.A. § 6321 (Supp.1994), the Crowes have the right to defend against the Bank's foreclosure action. Independently, they are entitled to litigate the validity of the mortgage given to the Bank in 1989 in order to determine its relative priority.

■ Because the affidavit presents a genuine issue of material fact as to the extent of the validity of the mortgage deed given to the Bank, and because the allegations in the Bank's complaint are not admitted by the Crowes, the District Court erred in granting a summary judgment with regard to the priority of the Bank's mortgage.[5]

The entry is:

The judgment is vacated with respect to the Crowes, and remanded to the District Court for the modification ordered by the Superior Court, and for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** Presumably the court either found the affidavit to be defective or found that the failure of the defendants to answer the complaint results in the Bank's allegations being deemed admitted in spite of the affidavit.

**4.** The jurat states that "Arista B. Grosse ..., who being duly sworn, executed the above document and averred that the contents thereof are true to the best of her knowledge and belief."

**5.** The Crowes also contend that the court erred in determining that the Bank shall be entitled to possession of the property on expiration of the period of redemption and pending the public sale. Because we vacate the summary judgment of foreclosure as against the Crowes, we do not address this issue.