CITY OF LEWISTON

v.

TRI–STATE RUBBISH, INC.

Supreme Judicial Court of Maine.

Argued Jan. 4, 1996.

Decided Feb. 16, 1996.

Robert S. Hark (orally), City Attorney, City of Lewiston, Lewiston, for Plaintiff.

Ralph A. Dyer (orally), Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

The City of Lewiston appeals from the judgment entered in the Superior Court (Androscoggin County, *Fritzsche, J.*) granting a summary judgment to defendant Tri–State Rubbish. The City contends that dumpsters owned by Tri–State and located in Lewiston are personal property taxable where situated pursuant to 36 M.R.S.A. § 603(2)(C) (1990). Tri–State contends that the dumpsters are taxable in Minot, where it resides,[1] pursuant to 36 M.R.S.A. § 602 (1990). We affirm the judgment.

The material facts in this case are not disputed. Tri–State, in the business of hauling waste, has its principal place of business in Minot, where it stores and maintains trash containers (so called "dumpsters") that are not in service at customer locations. Although Tri–State does not have a place of business in Lewiston, it has customers in Lewiston and other nearby communities. These customers purchase trash hauling on a month-to-month basis, using dumpsters rent-

---

1. For purposes of 36 M.R.S.A. § 602 (1990), a corporation is deemed to reside where it maintains its principal place of business. *Portland,* *Saco & Portsmouth R.R. v. Saco,* 60 Me. 196 (1872).

ed from Tri–State to store waste between hauls.

 We review the grant of a summary judgment for errors of law. *Gonzales v. Commissioner, Dep't of Public Safety*, 665 A.2d 681, 682 (Me.1995). Since there are no issues of material fact in dispute, the propriety of the court's entry of a summary judgment in favor of Tri–State turns on whether Tri–State is entitled to a judgment as a matter of law. That inquiry in turn hinges on whether the dumpsters owned by Tri–State are a type of excepted personal property subject to situs taxation pursuant to 36 M.R.S.A. § 603(2)(C).

As a general rule, personal property is taxable to an owner in the place where the owner resides. 36 M.R.S.A. § 602.[2] Certain personal property, however, is taxable where employed, 36 M.R.S.A. § 603(1) (1990), or where situated, 36 M.R.S.A. § 603(2)(A)—(H) (1990). The exceptions enumerated in section 603 are the only exceptions to the general rule found in 36 M.R.S.A. § 602. Section 603 provides in relevant part:

> The excepted cases referred to in section 602 are the following:
>
> .  .  .  .  .
>
> 2. **Enumeration.** Personal property enumerated in this subsection shall be taxed in the place where situated.
>
> .  .  .  .  .
>
> C. All store fixtures, office furniture, furnishings, fixtures and equipment.

36 M.R.S.A. § 603.

 We should interpret a statute to effectuate legislative intent. *Jordan v. Sears, Roebuck & Co.*, 651 A.2d 358, 360 (Me.1994); *Bangor Hydro–Electric Co. v. Board of Environmental Protection*, 595 A.2d 438 (Me.1991). The first source of legislative intent is the language of the statute itself. *Phelps v. President and Trustees of Colby College*, 595 A.2d 403 (Me.1991). "We will not look beyond clear and unambiguous statutory language." *State v. Edward C.*, 531 A.2d 672, 673 (Me.1987); *Raymond v.*

*State*, 467 A.2d 161 (Me.1983). The plain language of section 603(2)(C) reveals that the word "office" modifies not only the word "furniture," which immediately follows it, but also the words "furnishings, fixtures and equipment."

 Although it is undisputed that Tri–State's dumpsters are equipment, they are *not* office equipment. Accordingly, they do not fall within the ambit of section 603(2)(C), and are not subject to situs taxation. Instead, they are subject to taxation in Minot, where Tri–State resides, pursuant to the general rule set forth in 36 M.R.S.A. § 602.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** 36 M.R.S.A. § 602 provides:
All personal property within or without the State, except in cases enumerated in section 603, shall be taxed to the owner in the place where he resides.