Glenn A. ENOS [1], *et al.*

v.

TOWN OF STETSON.

Supreme Judicial Court of Maine.

Argued Sept. 8, 1995.

Decided Oct. 13, 1995.

---

1. Appellant Glenn Enos died prior to oral argument. He is survived by his wife, co-appellant Carole Enos.

Paul O. Dillon (orally), Corinth, for plaintiff.

Thomas A. Russell (orally), Mitchell & Stearns, Bangor, for defendant.

Janet M. McClintock, Assistant Attorney General, Augusta, for amicus curiae State of Maine.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Glenn and Carole Enos appeal from a judgment entered in the Superior Court (Penobscot County, *Pierson, J.*) affirming the Town of Stetson Board of Appeals' decision upholding a ruling made by the Planning Board denying the Enoses' application for a building permit. The Enoses contend, *inter alia*, that the Town's shoreland zoning ordinance is invalid because it was enacted in the absence of a comprehensive plan. Because we conclude that an adopted comprehensive plan is not a prerequisite to a valid shoreland zoning ordinance, we affirm the judgment.

Seeking to build a retirement home adjacent to Pleasant Lake, the Enoses submitted a limited residential-recreational district permit application to the Town. The Planning Board denied the application on the grounds that the Enoses' property was located in an area designated as a resource protection district under section 13(A) of the Town's shoreland zoning ordinance.[2] The Enoses' proposed structure would be located approximately 116 feet from the normal high-water mark of Pleasant Lake, well within the 250 foot zone denoted as the resource protection district. The construction of single family residences is prohibited in the resource protection district. The Enoses filed an administrative appeal to the Board of Appeals, contending that an error was made in the

---

**2.** Section 13(A) of the shoreland zoning ordinance provides in pertinent part:

A. Resource Protection District
The Resource Protection District in Stetson includes the entire shoreland zone of Stetson and Etna Ponds except for those areas designated Limited Residential District as defined below....

....

The shoreland zoning ordinance defines the resource protection district as including "[a]reas within 250 feet, horizontal distance, of the upland edge of freshwater wetlands, and wetlands associated with great ponds...." Section 13(B) lists five areas designated as limited residential districts. The Enoses conceded at oral argument that their property does not lie within any of these areas.

denial of their permit. The Board upheld the Planning Board's decision, finding that the Enoses' property was properly classified as part of the resource protection district. The Enoses subsequently appealed to the Superior Court. M.R.Civ.P. 80B. The court affirmed the Board's decision. This appeal followed.

■ When the Superior Court acts as an intermediate appellate tribunal, this Court reviews directly a board of appeals' decision for error of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Buker v. Town of Sweden,* 644 A.2d 1042, 1043 (Me.1994).

■ The Enoses contend that because the Town had not adopted a valid comprehensive plan at the time it enacted the shoreland zoning ordinance, and because Maine law requires that zoning ordinances be promulgated pursuant to and consistent with a comprehensive plan,[3] the Town's shoreland zoning ordinance must perforce be invalid. We have held previously that a shoreland zoning ordinance not in conformity with a town's comprehensive plan is invalid. *See F.S. Plummer Co. v. Town of Cape Elizabeth,* 612 A.2d 856, 860 (Me.1992); *LaBonta v. City of Waterville,* 528 A.2d 1262, 1265 (Me.1987).[4] Here the contention is not that the shoreland zoning ordinance is inconsistent with the Town's comprehensive plan but, rather, that the absence of a comprehensive plan renders the existing shoreland zoning ordinance invalid.

■ "The fundamental rule of statutory interpretation is that the legislative intent, as discerned from the language of the statute, controls." *Central Maine Medical Ctr. v. Maine Health Care Fin. Comm'n,* 644 A.2d 1383, 1386 (Me.1994). Our review of the shoreland zoning law discloses a clear legislative intent to accord shoreland zoning a unique status. The plain language of the Mandatory Shoreland Zoning Law, 38 M.R.S.A. §§ 435–449 (1989 & Supp.1994), reveals that the Legislature intended for municipalities immediately to adopt forms of shoreland zoning regardless of whether a comprehensive plan has already been enacted in a town:

> Zoning ordinances adopted pursuant to this article need not depend upon the existence of a zoning ordinance for all of the land and water areas within a municipality, *notwithstanding Title 30–A, section 4503,*[5] as it is the intention of the Legislature to recognize that it is reasonable for municipalities to treat shoreland areas *specially and immediately* to zone around water bodies rather than to wait until such time as zoning ordinances may be enacted for all of the land within municipal boundaries.

38 M.R.S.A. § 435 (Supp.1994) (emphasis added). Moreover, under the statutory scheme, municipalities that fail to meet the deadline imposed by the Legislature will have shoreland zoning implemented for them by the State. 38 M.R.S.A. § 438–A(4). Viewed in this context, section 438–A(2)'s directive to prepare shoreland zoning ordinances "in accordance with a local comprehensive plan," *id.* § 438–A(2), is mandatory only if a comprehensive plan is already in existence.

■ The statutory language relevant to shoreland zoning demonstrates a clear intent that each municipality immediately adopt shoreland zoning, even if there is no comprehensive plan in existence. This interpretation is in harmony with the well-established policy of construing a statute to promote the ends sought by the Legislature and approve a construction which will not nullify the statute's purpose. *Maine Beer & Wine Wholesalers v. State,* 619 A.2d 94, 97 (Me.1993). In enacting mandatory shoreland zoning requirements, the Legislature did not intend

---

**3.** 30–A M.R.S.A. § 4352(2) (Supp.1994) requires that municipal zoning ordinances be "pursuant to and consistent with a comprehensive plan adopted by the municipal legislative body."

**4.** We have not had occasion to address, and do not address here, whether an insufficient or nonexistent comprehensive plan renders a zoning ordinance other than a shoreland zoning ordinance invalid. *See Baker v. Town of Woolwich,* 517 A.2d 64, 68 (Me.1986) (issue of "the consequences of a comprehensive plan that is not sufficient and valid" not reached).

**5.** Section 4503 of Title 30–A was repealed in 1989 but reenacted almost verbatim in 30–A M.R.S.A. § 4352.

the benefits of shoreland zoning to be thwarted by delays in the enactment of comprehensive plans. Accordingly, an adopted comprehensive plan is not a prerequisite to a valid shoreland zoning ordinance.

Finally, the Enoses' additional contentions concerning the statute's constitutionality and construction are without merit.

The entry is:

Judgment affirmed.

All concurring.