Yvonne **VEILLEUX**

v.

**CITY OF AUGUSTA.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 19, 1996.
Decided Oct. 28, 1996.

Yvonne Veilleux, Augusta, pro se.

Charles E. Moreshead, Augusta, for Appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Yvonne Veilleux appeals from the judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) affirming the decision of the Augusta Zoning Board of Appeals ("ZBA") upholding the Planning Board's denial of her application for a conditional use permit. Veilleux contends that the action of the ZBA was unlawful, arbitrary, capricious or unreasonable. We disagree and affirm the judgment.

In February 1994 Veilleux submitted an application for a conditional use permit to the Augusta Planning Board seeking permission to replace a dwelling which she had previously removed from her property. The Augusta Land Use Ordinance authorizes the Planning Board to grant a conditional use permit on a showing by the applicant that the project is in compliance with the criteria set out in the ordinance.[1] Augusta, Land Use Ordinance 6.3.3. (July 3, 1991). At the time of her application, City records revealed that three seasonal dwellings and two sheds existed on Veilleux's property. The City had no record of the prior existence of the dwelling that Veilleux sought to replace.

The Planning Board held a public hearing in March 1994 and found as a matter of fact that a fourth dwelling had existed on the property within the prior twelve months. The Planning Board tabled further action on

---

1. Because Veilleux's proposal involved replacing a structure situated within the shoreland district, she also had to demonstrate compliance with portions of section 3.5.6(1) & (5) relating to the replacement and relocation of nonconforming structures. Section 3.5.6(5) provides in pertinent part:

> In Shoreland Overlay Districts, a nonconforming structure may be relocated within the boundaries of the parcel on which the structure is located provided that the site of relocation conforms to all setback requirements to the greatest practical extent as determined by the Planning Board and provided that the applicant demonstrates that the present subsurface sewage disposal system meets the requirements of State Law and the State of Maine Subsurface Wastewater Disposal Rules ... or that a new system can be installed in compliance with the Law and said Rules. In no case shall a structure be relocated in a manner that causes the structure to be more nonconforming.

the application to allow Veilleux time to obtain verification from a soil scientist that an adequate subsurface waste disposal system existed to serve the dwelling.

Before denying Veilleux's application, the Board held a second public hearing in September 1994 and considered information provided by Veilleux, a soil evaluator, the Augusta Code Enforcement Officer who is also a licensed plumbing inspector, and a chemist from the Department of Human Services who provided water test results. The Board found as a matter of fact that there was no working septic system on the premises serving the building. It concluded that a new system would increase the nonconformity of the lot. The ZBA affirmed the decision of the Planning Board on the ground that the Planning Board's decision was not clearly erroneous.

 Because the ZBA reviewed the decision of the Planning Board in an appellate capacity, we review directly the Planning Board's decision for error of law, abuse of discretion or findings not supported by substantial evidence in the record. *Enos v. Town of Stetson,* 665 A.2d 678, 680 (Me.1995) (citing *Buker v. Town of Sweden,* 644 A.2d 1042, 1043 (Me.1994). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gorham v. Town of Cape Elizabeth,* 625 A.2d 898, 903 (Me.1993) (citations omitted). A board's finding is not unsupported by substantial evidence merely because two inconsistent conclusions can be drawn from the evidence. *Id.* As the party bearing the burden of proof, Veilleux must demonstrate that the evidence compels a contrary conclusion. *Herrick v. Town of Mechanic Falls,* 673 A.2d 1348, 1349 (Me.1996).

■ The Planning Board's decision was neither arbitrary, capricious, nor unreasonable. The Ordinance places on Veilleux the burden of proving that the replacement of her dwelling satisfies each of the criteria set

forth in the Ordinance. The Planning Board found as a matter of fact that a fourth dwelling existed on the property. Similarly, it found that no septic system existed on the property to service the fourth dwelling and approval of a new septic system would increase the nonconformity of the lot in violation of section 3.5.6(5) of the Ordinance. Contrary to Veilleux's contentions, the record contains no evidence that a working septic system exists to service the fourth dwelling. Furthermore, the record reflects that a new septic system would increase the nonconformity of the lot due to its size.[2]

Veilleux's other contentions do not merit discussion.

The entry is:

Judgment affirmed.

All concurring.

---

2. In all areas of the State, a subsurface waste disposal system serving a single family residential unit must be located on a lot of at least 20,000 square feet, and if the lot abuts a lake or pond the lot must have a minimum frontage of one hundred feet on such a body of water. 12 M.R.S.A. § 4807–A(1) (1994); *see also* State of Maine Subsurface Wastewater Rules, chap. 241 § 6 (revised October 1988). The building Veilleux seeks to replace is within thirty-five feet of the normal high-water mark of Togus Pond.