1999 ME 149

**Catherine LIPPMAN et al.**

v.

**TOWN OF LINCOLNVILLE et al.**

Supreme Judicial Court of Maine.

Argued Oct. 5, 1999.
Decided Oct. 26, 1999.

Clifford H. Goodall, (orally), Dyer & Goodhall, Augusta, for plaintiffs.

John L. Carver, (orally), Joseph W. Baiungo, Carver, Kimball & Baiungo, Belfast, for Town of Lincolnville.

David J. Perkins, (orally), Perkins, Olson & Pratt, P.A., Portland, for Richard McLaughlin.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

PER CURIAM.

[¶ 1] Catherine Lippman and other neighboring landowners [1] appeal from the judgment of the Superior Court (Waldo County, *Atwood, J.*) affirming an order of the Lincolnville Zoning Board of Appeals granting Richard McLaughlin's request for a permit to build an accessory building to his take-out restaurant on Lincolnville Beach. Plaintiffs argue that the Board misconstrued the zoning ordinance when it determined that the property in question was located in the Harbor District. Finding no error, we affirm the judgment.

[¶ 2] McLaughlin owns a take-out restaurant on Lot 79 in Lincolnville on Lincolnville Beach next to the State Ferry Dock. McLaughlin submitted a shoreland zoning application to build an accessory building. The building permit was approved by the code enforcement officer

---

1. The other plaintiffs are Paul Lippman, David and Kate Waterman, Jim and Susan O'Reilly, and Leo and Ann Mills.

and Lippman and other neighbors appealed to the Lincolnville Zoning Board of Appeals. After a public hearing was held, the Board denied the appeal finding the project in compliance with the provisions pertaining to the Harbor District in the Shoreland Zoning Ordinance. Plaintiffs timely filed a Rule 80B complaint in the Superior Court and the court affirmed the Board's decision. Plaintiffs now appeal to this Court.

[¶3] We review the Board of Appeals' decision directly for abuse of discretion, legal error, or findings unsupported by substantial evidence in the record. *See Pitcher v. Town of Wayne,* 599 A.2d 1155, 1156 (Me.1991). Plaintiffs contend that the Board erred in interpreting the meaning of "Harbor District" in its Shoreland Zoning Ordinance to include the area of land on which Lot 79 is located. The Ordinance in effect at the time of the application defined "Harbor District" as follows:

> The Harbor District includes areas where the existing predominant pattern of development is consistent with the allowed uses for this district as indicated in the Table of Land Uses, Section 14, and other areas which are suitable for functionally water-dependent uses.
>
> The Harbor District shall include that area of Penobscot Bay enclosed within the boundary lines set forth as follows: The point of beginning shall be at the northern end of the State of Maine Ferry Dock following the shoreline north to the outlet of Frohock Brook at the U.S. Route # 1 bridge over Frohock Brook.

Lincolnville, Me., Shoreland Zoning Ordinance § 13(D) (June 24, 1991).[2]

[¶4] Plaintiffs argue that the meaning of "Harbor District" in the Ordinance limits the boundaries to only "an area of Penobscot Bay which would include the intertidal land and the submerged land below the low tide line." Their contention that the Shoreland Zoning Ordinance in essence zones the ocean is in derogation of every other indication that the Harbor District was intended to include land from the mean high water line to Route 1 as shown on the zoning map. The zoning map, which is incorporated into the Ordinance, *see* Lincolnville, Me., Shoreland Zoning Ordinance § 9(A) (June 24, 1991), shows the Harbor District extending to U.S. Route 1. Moreover, land uses allowed in the Harbor District include land-based activities such as hunting, fishing, hiking, motorized vehicular traffic on existing roads and trails, forest management activities, including timber harvesting, surveying and resource analysis, agriculture, aquaculture, filling and earth moving, and signs, as well as mineral exploration, docks, piers, wharves, and other structures extending over or below normal high water line, home occupations, private campsites, and road construction with certain approvals. *See* Lincolnville, Me., Shoreland Zoning Ordinance § 14 (June 24, 1991).

[¶5] We must construe an ordinance reasonably to avoid an absurd result. *See Banks v. Maine RSA # 1,* 1998 ME 272, ¶ 4, 721 A.2d 655, 657. Plaintiffs argue strenuously for an absurd and unreasonable result. Their contention is so lacking in logic, rationale, and authority, it could only have been interposed for purposes of delay. Accordingly, we impose sanctions on the plaintiffs and their counsel pursuant to M.R. Civ. P. 76(f). We order plaintiffs or their counsel to pay the Town of Lincolnville and Richard McLaughlin treble costs plus $250 each to be applied to their respective attorney fees.

The entry is:

---

**2.** The Ordinance was amended on June 16, 1997. Because the code enforcement officer had performed various reviews prior to the amendment of the Ordinance, plaintiffs conceded that there was substantive review of the application, and thus that the application was pending at the time of the amendment. Therefore, the 1997 amendment does not apply to this application. *See* 1 M.R.S.A. § 302 (1989).

Judgment affirmed. Further ordered that plaintiffs or their counsel pay to defendants treble costs and $250 each, to be applied toward their attorney fees.