STATE OF MAINE
KNOX, ss.

STATE OF MAINE
Knox. S.S., Clerk's Office
SUPERIOR COURT

FEB 12 2002

RECEIVED AND FILED
Susan Guillette, Clerk

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-007

DHM - KNO - 2/12/2002

SALIM B. LEWIS,

Petitioner

v.                                                          DECISION AND ORDER

INHABITANTS OF THE
TOWN OF ROCKPORT
AND THE CODE ENFORCEMENT
OFFICER OF SAID TOWN,

DONALD L. GARBRECHT
LAW LIBRARY

FEB 21 2002

Respondent

and

MARSHA and VICTOR STEINGLASS,

Parties-In-Interest


This matter is before the court on appeal from the Rockport Zoning Board of
Appeals, pursuant to M.R. Civ. P. 80B. In his complaint, the plaintiff/appellant Salim
Lewis explains that he is an abutter to property owned by Marsha and Victor Steinglass
located on Ship Street in the Town of Rockport. He is challenging a decision by the
Rockport Zoning Board of Appeals (ZBA) affirming the Code Enforcement Officer's
decision to issue a building permit to the Steinglasses for construction of a garage on
their nonconforming waterfront property. The plaintiff contends the decision was
arbitrary and capricious and constituted an error of law.

I.      Facts and Procedural History

Marsha and Victor Steinglass acquired shorefront property in Rockport in 1973.

1

The property is located within the Village District (District 901) under the Rockport Land Use Ordinance and also within the Shoreland Zone Overlay District, which encompasses all property within 250' of the normal high water mark of Rockport harbor. The Steinglass property is considered a lawfully nonconforming lot by the Town because the principal buildings that violate current setback requirements were in existence prior to the adoption of the Land Use Ordinance in 1974. In 1986, the Steinglasses sold a portion of their property to Salim Lewis, the appellant in this case. Also in 1986, the Steinglasses received a building permit to construct a 3-car garage on their property. There is dispute among the parties over whether this permit should have been issued, but it was not challenged at the time.

In December, 1999, the Steinglasses applied for another building permit, this time to remove the 3-car garage and construct a dwelling in its place. After a public hearing, the ZBA approved the application[1] and the permit was issued on March 14, 2000. Lewis appealed the ZBA decision in July, and a stop work order was issued following review by the Town's new Code Enforcement Officer (CEO). At the time of the stop work order, the Steinglasses had removed most of the garage structure, leaving only a concrete foundation. The Steinglasses subsequently abandoned the plan for a new dwelling and instead applied for a permit to rebuild the garage. On November 14, 2000, the CEO issued a permit to rebuild the garage on the condition it meet the dimensional and setback requirements of the Land Use Ordinance. Lewis appealed the permit, but the permit was affirmed by the ZBA in February, 2001. The ZBA decision is now the subject of this appeal. Lewis argues that the renovated garage is an

---

[1] Victor Steinglass was the chairman of the ZBA at the time, but he recused himself from the Board to represent himself in the presentation of the permit application.

impermissible accessory structure under Rockport's Land Use Ordinance and that certain conditions regarding the enlargement of a structure on nonconforming lot were not met in this case. Specifically, he objects to the location of the garage in the "front yard," which he claims is prohibited by the ordinance as well as the height of the garage (28') which he argues increases the square footage in violation of the ordinance's prohibition on enlargement of a structure on a nonconforming lot.

## II. Discussion

When the decision of a governmental body is appealed pursuant to Rule 80B, this court independently examines the record and reviews the decision for abuse of discretion, errors of law, or findings unsupported by substantial evidence. *York v. Town of Ogunquit*, 2001 ME 53, ¶ 6, 769 A.2d 172, 175; *Ranco v. City of Bangor*, 1997 ME 65, ¶ 6, 691 A.2d 1238, 1239. "Interpretation of zoning ordinance is a question of law." *Lewis v. Town of Rockport*, 1998 ME 144, ¶ 11, 712 A.2d 1047, 1049; *Oliver v. City of Rockland*, 1998 ME 88, ¶ 8, 710 A.2d 905, 908. "A court must interpret an ordinance by first looking at the plain meaning of the language to give effect to legislative intent." *Banks v. Maine RSA #1, Inc.*, 1998 ME 272, ¶ 4, 721 A.2d 655, 657. "The terms or expressions are construed reasonably with regard to both the objects sought to be obtained and to the general structure of the ordinance as a whole." *Oliver*, 1998 ME 88, ¶ 8, 710 A.2d at 908. "A court's interpretation of an ordinance must not create 'absurd, inconsistent, unreasonable or illogical results.' " *Banks*, 1998 ME 272, ¶ 4, 721 A.2d at 657 (quoting *Melanson v. Belyea*, 1997 ME 150, ¶ 4, 698 A.2d 492.

The appellant takes the position that the garage in question is an accessory

3

structure and that Rockport's Land Use Ordinance (LUO) limits the location of accessory structures to side and rear yards only. The Steinglass garage, he argues, is in the front yard, and therefore the CEO erred when he issued the building permit. Section 302 of the ordinance defines accessory structure as follows:

**Accessory Building or Structure:** A subordinate building or structure or a portion of the main building the use of which is incidental to that of the main or principal building.

\* \* \* \*

In all districts, accessory buildings or structures, including, but not limited to woodsheds, garden sheds and tool houses, may be placed within the side or rear yards under the following conditions:
1. Total ground coverage shall not exceed 150 square feet.
2. Building height shall not exceed 8 feet.
3. The building shall not be used for storage of flammable liquids or gases of more than 5 gallons.
4. No portion of the building shall be placed closer than 6 feet from the property line.
5. More than one accessory structure under these criteria is prohibited.

The appellant maintains that this definition means accessory structures can only be located in side or rear yards and must be very limited in size. It follows, he argues, that accessory structures are not allowed in the front yard. As "front yard" is not specifically defined in the ordinance, he constructs his definition of front yard from the setback definitions contained in section 302:

**Setback, Front (Front Yard):** The distance measured from the edge of pavement to the nearest part of any principal or accessory structure provided that along Routes 1, 17 and 90 such distance shall be measured from the edge of the State right-of-way.

Lewis maintains this definition "freezes" the front yard as soon as a structure has been constructed on the lot and prevents any other structure from being erected between the first structure and the street. Based on this front yard restriction, he claims the

4

original Steinglass garage built in 1986, was illegally constructed in the front yard and as such, can never be considered a legally nonconforming use. As the newly permitted Steinglass garage is located in the same location as the prior structure, between the principal structure and the street, the appellant contends that it falls within the ordinance's definition of front yard, and is therefore unlawful as well.

The Steinglasses rely on the doctrine of estoppel to preclude the Town from rescinding a building permit upon which they have reasonably relied to their detriment. They contend they reasonably relied on the 1986 building permit in constructing the original garage and relied again on the March, 2000 permit in deconstructing the garage to build a dwelling. The appellant contends the Steinglasses abandoned any claim of estoppel when they voluntarily tore down the garage. Lewis Brief, p. 18, n. 8. Ordinarily it is essential to the right to a nonconforming use that the use commence before the restriction upon it became effective. *See, e.g., Shackford and Gooch, Inc. v. Town of Kennebunk*, 486 A.2d 102 (Me. 1984). A party cannot simply by erection of buildings in violation of a zoning restriction establish a legal right to a nonconforming use. This case is distinguishable however in that the original Steinglass garage was not simply erected in bold violation of the ordinance; it was built based in reliance on a uncontested building permit. This court finds the 1986 was not challenged at the time of its issuance and therefore cannot be considered "issued in error" now.

There is no dispute here that the Steinglass garage is an accessory structure under the ordinance. Steinglass Brief, p. 5. However, the appellant's interpretation of the ordinance as barring all accessory structures from front yards amounts to a somewhat strangled reading of the law. Read in its proper context, the provision above regarding placement of accessory structures in side or rear yards operates as an

exception to the setback requirements normally imposed on side and rear property lines. In District 901 where this property is located there is a 10' side and rear setback requirement and a 20' front setback requirement. Rockport LUO, section 901.4. The provision above allows a single accessory structure that meets the prescribed dimensional requirements to be located in a side or rear yard within 6' of the property line, thereby providing an exception to the 10' setback requirement. Any other reading of the ordinance would result in absurd conditions. No property owner in Rockport, whether her home was located 30' or 3000' away from the street, would be permitted to construct an accessory structure between her home and the street and furthermore, any accessory structure she would be permitted to build would scarcely house a lawnmower, much less an automobile. The Law Court has consistently ruled that zoning ordinances should be interpreted so as to avoid an absurd or unreasonable result. *See, e.g. Lippman v. Town of Lincolnville*, 1999 ME 149, ¶ 5, 739 A.2d 842, 843; *Banks v. Maine RSA #1, Inc.*, 1998 ME 272, ¶ 4, 721 A.2d 655, 657. Accordingly, this court finds no error in CEO's permitting the building of a new garage on the same footprint of the previous garage in the front yard of the Steinglass property.

Turning from the placement of the garage to its dimensional elements, the appellant argues that the garage is not permitted on a non-conforming lot under the Rockport LUO.. The building permit lists the height of the new garage as 28 feet, which is higher than the previous structure, and the appellant maintains this enlargement is barred by section 501.2 of the LUO unless certain conditions are satisfied. Section 500 of the ordinance deals with general issues of nonconformance. Section 501.2 reads:

> A structure built on a lot prior to the enactment of this ordinance, which lot does not conform to lot size or lot frontage, may be repaired, maintained, or improved and may be enlarged, in conformity with the

applicable space and bulk requirements other than minimum lot area or lot frontage. if the proposed enlargement of a structure(s) cannot meet the applicable space and bulk requirements, a variance shall be required from the Zoning Board of Appeals (see Section 800 - District Standards)"

The requisite conditions are not met here, he argues, because the structure was not built prior to the enactment of the ordinance, nor is it being "repaired, maintained, improved or enlarged." Instead he contends it is being "replaced," which is not a permitted activity.

The Town maintains that the Steinglass lot falls not only within the general provisions of the LUO, but also under the Shoreland Zoning Overlay District and, as such, is governed by its nonconformance section, rather than section 501.2 of the LUO. In the Shoreland Overlay District, nonconforming lots may be built upon as long as all the conditions of the LUO are met with the exception of lot size and frontage. Section 1412.5 (1) of the Shoreland Zoning Overlay District provides:

> Non-conforming lots: A non-conforming lot of record as of the effective date of this Ordinance or amendment thereto may be built upon, without the need for a variance, provided that such lot is in separate ownership and not contiguous with any other lot in the same ownership, and that all provisions of the Ordinance except lot size and frontage can be met. Variances relating to setback or other requirements not involving lot size or frontage shall be obtained by action of the Zoning Board of Appeals.

The Steinglass garage meets the dimensional requirements of District 901; the maximum building height does not exceed 34 feet, the structure is located more than 10 feet from side and rear lot lines and more than 20' from the front yard edge of pavement.[2]

---

[2] See Town of Rockport Building Permit, issued 11/14/00, listing side yard setbacks as 18' and 16' and building height as 28'; see Steinglass brief, p. 7 listing setback from Ship Street as approx. 50'.

The appellant also urges the court to apply section 502.1 of the LUO[3] which prevents the enlargement of a structure with respect to existence of a nonconformity. In other words, if the original Steinglass garage was in violation of the applicable height requirement, the replacement garage could not exceed the height of the prior structure. There is no evidence in the record to support the appellant's contention. The only nonconformity alleged by the appellant concerns the location of the structure in the front yard; there is no evidence that the original garage violated the ordinance's dimensional requirements. Accordingly, section 502.1 is inapplicable to the Steinglass building permit.

This court is satisfied that the Rockport ZBA, based on the entire record, could fairly and reasonably affirm the issuance of the November, 2000 building permit to the Steinglasses for the reconstruction of a garage.

---

[3] Section 502.1 reads, in relevant part:

(1) Except as otherwise provided herein, a structure lawfully in existence as of the effective date of this amendment, that does not meet the height, yard, or setback restrictions of Section 900 and Section 1400, may be repaired, maintained, improved, or replaced, as set forth in this section. it may be modified and/or accessory structures may be added to the site without a variance provided that:

> a. The resulting structure or structures do not exceed the height restrictions of the district in which the structure or structures are located.
>
> * * * *
>
> c. There shall be no increase in the nonconformity of a structure, except that a lawfully non-conforming structure may be expanded in ground floor area by 500 square feet of the portion of the structure that was lawfully nonconforming as of the date of this amendment of the Ordinance, and provided that the resulting structure or accessory structure is no closer to the front, side, or rear lot line, or higher than the existing structure with respect to which the nonconformity exists. . . .

## III. Conclusion

Therefore, for all the reasons above, the entry shall be:

The decision of the Rockport Zoning Board of Appeals is AFFIRMED.

Dated: February ___, 2002

Donald H. Marden
Justice, Superior Court

| Date Filed | 4/5/01 | Knox | Docket No. | AP-01-007 |
| County |

Action ___ 80B Complaint ___

THE INHABITANTS OF THE TOWN OF ROCKPORT, MAINE
and
THE CODE ENFORCEMENT OFFICER OF SAID TOWN,
and Parties-in-Interest

SALIM B. LEWIS

vs. MARSHA STEINGLASS and VICTOR T. STEINGLASS

| Plaintiff's Attorney | Defendant's Attorney |
| Matthew D. Manahan, Esq. | Paul L. Gibbons, Esq. (Town of Rockport) |
| Jothan D. Pierce, Jr., Esq. | PO Box 616 |
| One Monument Square | Camden ME 04843 |
| Portland ME 04101-1110 | 236-3325 |
| 791-1100 | |
| | Mary Platt Cooper, Esq. |
| | Rendle A. Jones, Esq. (Steinglasses) |
| | PO Box 190 |
| | Camden ME 04843 |
| | 236-8836 |

| Date of Entry | |
| --- | --- |
| 4/9/01 | On 4/5/01, Complaint for Review of Governmental Action and Summary Sheet filed by Attorneys Manahan and Pierce. |