STATE OF MAINE

Sagadahoc, SS.

SUPERIOR COURT

Civil Action AP-10-4
Docket No. BATSC-RE-2006-03
Docket No. WESDC-CV-05-289
(Consolidated)

TOWN OF GEORGETOWN,

Petitioner

v.

R. BRUCE MONTGOMERY and
WANDA HADDOCK,

Defendants

JACOB and SUSAN H. KARBINER,

Parties in Interest

WANDA HADDOCK,
            Petitioner

vs.

TOWN OF GEORGETOWN

and

JACOB and SUSAN KARBINER,
            Respondents

## ORDER AND JUDGMENT

Pursuant to M.R. Civ. P. 80B, Petitioner Wanda Haddock has appealed from the March 3, 2010 decision of the Town of Georgetown Planning Board, as supplemented by the Board's further findings and decision dated January 18, 2011, denying the Petitioner's building permit application because the Petitioner's lot is not a nonconforming lot of record. For the reasons discussed below the court denies the Petitioner's appeal and affirms the Board's decision.

*Background*

This 80B appeal is the most recent action in a multi-year period of litigation surrounding Petitioner's construction on her property in Georgetown, Maine. The court briefly addresses those facts pertinent to this matter.

In a related previous action, Ms. Haddock applied to the Town Planning Board for a permit to relocate a garage structure she built on her property. The Planning Board denied the application, and the Board of Appeals upheld that denial on October 30, 2009. The Board of Appeals found that the Haddock lot is not a nonconforming lot of record, and therefore no building permit could be issued for any principal or accessory structure. Ms. Haddock did not appeal this decision.

On January 26, 2010, Ms. Haddock submitted a new application to the Planning Board, asking to expand the principal structure located on the lot. She argues that her request to expand her existing dwelling—she plans to connect the constructed garage to the home—avoids the problems with her previous application. On March 3, 2010, the Planning Board denied the application, finding as a matter of law, based on the 2009 Board of Appeals' decision, that a permit could not be issued on her lot for any principal or accessory structure because it is not a nonconforming lot of record. The Board of Appeals upheld the Planning Board's determination on April 14, 2010.

Ms. Haddock appealed the Board of Appeals' decision pursuant to Rule 80B on May 26, 2010.[1] On July 16, 2010, Ms. Haddock filed her 80B brief. Both the Town and parties-in-interest, abutters Jacob and Susan Karbiner, have filed reply briefs.

On November 8, 2010, this court remanded the matter to the Planning Board for further findings of fact and conclusions of law. The court retained jurisdiction over the

---

[1] The Town's Zoning Ordinance provides that appeals of decisions made by the Board of Appeals must be filed within 45 days of the issuance of the decision.

pending appeal, and instructed the parties that it would reconsider the issues after receiving the Planning Board's post-remand decision. On December 15, 2010, the Planning Board held a meeting to review the evidence previously presented to the Board, and on January 18, 2011, the Board issued further findings that upheld and explained its original decision denying the Petitioner's application.

*Standard of Review*

In appeals brought pursuant to M.R. Civ. P. 80B, this court reviews administrative decisions for errors of law, abuse of discretion, or findings of fact unsupported by substantial evidence on the record. *Fitanides v. City of Saco*, 2004 ME 32, ¶ 23, 843 A.2d 8, 16 (citing *Veilleux v. City of Augusta*, 684 A.2d 413, 415 (Me. 1996)). "Substantial evidence exists if there is any competent evidence in the record to support a decision." *Id.* (citing *York v. Town of Ogunquit*, 2001 ME 53, ¶ 14, 769 A.2d 172, 178); *see also Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990) (noting that the substantial evidence standard requires the court "to examine the entire record to determine whether on the basis of all the testimony and exhibits before the board it could fairly and reasonably find the facts as it did") (quoting *Seven Islands Land Co. v. Maine Land Use Reg. Comm.*, 450 A.2d 475, 479 (Me. 1982)). The burden of persuasion in an action challenging an administrative decision rests on the party seeking to overturn the decision. *See Sawyer Envtl. Recovery Facilities, Inc. v. Town of Hampden*, 2000 ME 179, ¶ 13, 760 A.2d 257, 260.

When "reviewing an administrative . . . decision, the issue before the court is not whether it would have reached the same conclusion as the [administrative tribunal], 'but whether the record contains competent and substantial evidence that supports the result reached.'" *Seider v. Bd. of Exam'rs of Psychologists*, 2000 ME 206, ¶ 8, 762 A.2d 551, 555 (quoting *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261). The

3

court may not substitute its own judgment for that of the administrative tribunal. *See id.*; *accord, Brooks v. Cumberland Farms, Inc.* 1997 ME 203, ¶ 12, 703 A.2d 844, 848. In other words, an administrative decision is not wrong because it is inconsistent with parts of the record or because the court might have come to a different conclusion. *See Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1996).

*Discussion*

In light of the January 18, 2011 additional findings of fact, the only remaining issue before the court is whether the Board correctly interpreted the Ordinance to prohibit the expansion of a nonconforming structure on a nonconforming lot not of record[2] unless a variance is obtained.[3] Haddock argues that the Board erred because the Ordinance provision pertaining to the expansion of existing nonconforming grandfathered structures does not have a requirement that the structure be on a nonconforming lot of record. The Town and the Karbiners argue that the Board correctly concluded that any building or construction on the lot is prohibited unless a variance is obtained because it is a nonconforming lot not of record. (Karbiner Brief, at 5-6);[4] (Town Brief, at 4.)[5]

---

[2] A "Non-conforming Lot" is defined as a "single lot of record which does not meet any one or more of the following dimensional requirements: setback, height, or lot coverage . . . ." (Ordinance § 17, Definitions.)

[3] In her Rule 80B Brief, Haddock also argued that the Board should not have relied on the 2009 Board of Appeals decision as a matter of law in making its 2010 decision. However, in light of the January 18, 2011 additional findings of fact, it is apparent that the Board did not solely rely on the 2009 decision in making its determination; therefore, the res judicata argument is moot. (Additional Findings of Fact, at 1-5.)

Similarly, Haddock also contended that the Town's Code Enforcement Officer wrongfully failed to act on her permit application for a retaining wall, and that the Local Plumbing Inspector wrongfully failed to process her plumbing permit application. This issue was addressed in this court's November 8, 2010 Order, and its remand to the Town of Georgetown Code Enforcement Officer for further findings of facts, conclusions, and an ultimate decision. The court did not retain jurisdiction over this issue on appeal and, accordingly, does not address it here.

[4] The Karbiners argue: "[t]he obvious basis for the 2009 Board of Appeals decision was that then Section 11.E.1 (now 12.E.1) prohibited building upon a lot that was not a nonconforming lot of record

4

"'The construction of a municipal ordinance is a question of law for the court . . . .'" *Power v. Shapleigh*, 606 A.2d 1048, 1049 (Me. 1992) (citing *Farley v. Town of Lyman*, 557 A.2d 197, 200 (Me. 1989)). "The terms of a zoning ordinance must be construed reasonably with regard both to the objects sought to be obtained and to the general structure of the ordinance as a whole." *Aydelott v. City of Portland*, 2010 ME 25, ¶ 12, 990 A.2d 1024, 1027 (citing *La Pointe v. Saco*, 419 A.2d 1013, 1015 (Me. 1980) *and Blouin v. City of Rockland*, 441 A.2d 1008, 1010 (Me. 1982) ("In order to gain an understanding of this particular section, reference must be made to the ordinance in its entirety. This approach is particularly useful to determine the meaning of a phrase or term . . . not defined in the enactment.")). "In determining [the] intent, the plain meaning of the language controls." *Shapleigh*, 606 A.2d at 1049 (citing *City of Portland v. Grace Baptist Church*, 552 A.2d 533, 535 (Me. 1988)). However, "[a] court's interpretation of an ordinance must not create 'absurd, inconsistent, unreasonable or illogical results.'" *Banks v. Maine RSA # 1*, 1998 ME 272, ¶ 4, 721 A.2d 655, 657 (quoting *Melanson v. Belyea*, 1997 ME 150, ¶ 4, 698 A.2d 492, 493).

One of the main purposes of the Georgetown Ordinance is "to promote land use conformities . . . ." (Ordinance § 12.A, Non-conformance-purpose.) Accordingly, "no building, structure, or land shall be . . . expanded, moved, or altered, and no new lot shall be created except in conformity with all of the regulations specified for the district in which it is located, unless a variance is granted." (Ordinance § 11, Land Use Requirements.) However, "[a] non-conforming structure may be added to or expanded with a permit from the Planning Board, if such addition or expansion does not increase the non-conformity of the structure . . . ."

---

the same prohibition that operated to prevent even more building activity in the form of an expansion of a nonconforming structure." (Karbiner Brief, at 5-6).

[5] The Town argues that the "Petitioner's lot is a non conforming lot not of record and therefore she must seek a variance in order to build *anything* on her lot." (Town Brief, at 4.) (emphasis added).

(Ordinance § 12.C.1, Non-conforming Structures); *see also* (Ordinance § 17, Definitions) (defining "Expansion of a structure" as: "an increase in the floor area or volume of a structure, including all extensions such as, but not limited to, attached decks, *garages*, porches, stairways, and greenhouses.") (emphasis added). Similarly, "[a] non-conforming lot of record as of the effective date of this Ordinance may be built upon, without the need for a variance, provided that . . . *all* provisions of this Ordinance except lot area, lot width, and shore frontage can be met . . . ." (Ordinance § 12.E.1, Non-conforming Lots) (emphasis added).

The court concludes that the Board did not err in interpreting the Ordinance. It is evident from the Additional Findings of Fact, the meeting minutes, and the submitted record that the Board gave significant consideration to the language and overall purpose of the Ordinance. It is undisputed that Ms. Haddock's lot is nonconforming under the Ordinance. (Pet.'s Brief at 17-18.) Further, because the lot was created on June 10, 1999, well after the enactment of the Ordinance in 1974,[6] the Board correctly found that the lot is a non-conforming lot not of record. (Additional Findings of Fact, at 2.)[7]

As the lot is a non-conforming lot not of record, the Board did not err in concluding that Section 12.E.1, making it permissible for a non-conforming lot that is of record to be built upon without a variance when all other Ordinance provisions are met, does not apply to a non-conforming lot not of record. This conclusion is consistent with the overall intent of the Ordinance to eliminate nonconforming land uses, *see e.g. Merrill v. Town of Durham*, 2007 ME

---

[6] The Ordinance states: "For the purposes of this section, the effective date of the Ordinance is 9 March 1974 . . . Any non-conforming condition lawfully existing *prior* to the adoption of this Ordinance shall not by reason solely of such adoption be deemed an unlawful condition." (Ordinance § 12, Non-conformance) (emphasis added).

[7] In 2005, the Board of Appeals found that the lot was not a nonconforming lot of record. (Additional Findings of Fact, at 3.) The Petitioner's admit that they never appealed this decision. (Karbiner Brief, Ex. C, at 2.) As such, the Board's "findings are res judicata." *See Gerald v. York*, 589 A.2d 1272, 1273 (Me. 1991).

50, ¶ 16, 918 A.2d 1203, 1206, and does not "create absurd, inconsistent, unreasonable or illogical result[s]." *Banks*, 1998 ME 272, ¶ 4, 721 A.2d at 657 (internal citation omitted).

*Conclusion*

For the reasons stated, it is hereby ORDERED:

1. The Petitioner's appeal is denied.

2. The Planning Board's decision is hereby affirmed.

3. Judgment on this appeal is hereby granted to the Respondent Town of Georgetown, with costs.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this Order and Judgment by reference in the docket.

Date: 20 May 2011

A. M. Horton
Justice, Superior Court

7