STATE OF MAINE                SUPERIOR COURT
CUMBERLAND, ss           CIVIL ACTION
                                   DOCKET NO. AP-17-31

BRANDON R. PLOURDE
and CHARISSA A. PLOURDE,

     Plaintiffs

v.                                    DECISION AND ORDER

TOWN OF CASCO, DANIEL
VALLEE, and HUGH SOLARI,

     Defendants

STATE OF MAINE
Cumberland. ss. Clerk's Office

DEC 20 2017
3:00pm
RECEIVED

Before the court is plaintiffs Brandon R. Plourde and Charissa A. Plourde's Rule 80B appeal challenging defendant Town of Casco's denial of a building permit to construct a dock. For the following reasons, the court affirms the decision of defendant Town of Casco Zoning Board of Appeals.

FACTS AND BACKGROUND

Plaintiffs own property at 32 Garland Road in the town of Casco, Maine. (R. 11, 120.) This property is located in what is known as the Sebago Lake Shores subdivision. (R. 11.) Within this subdivision is an area known as "Parkland," which consists of a shoreline common area designated to benefit all subdivision owners within the Sebago Lake Shores subdivision. (R. 17, 55.)

In 2016, plaintiffs acquired a dock from the Kennedy family. (R. 39.) This dock was located on parkland property and in 2005 the Kennedy family had been issued a building permit allowing construction of the dock. (R. 42.) The 2005 building permit lists the relevant lot as lot 109 on map 20. (R. 42.) At the time of the issuance of the 2005 permit, and throughout their ownership of the dock, the Kennedy family owned property within the subdivision located at 48 Acadia Road. (R.

1

36, 39, 44.) After selling their dock to the plaintiffs, the Kennedy family sold their property to a separate party. (R. 39, 44.)

On December 9, 2016, Anna Gould, the new owner of the Kennedy property, filed a complaint with the Town of Casco regarding the dock. (R. 39, 43.) On that same day, the Town's Code Enforcement Officer (CEO) conducted an inspection and determined that the existing dock was in violation of certain sections of the Town's zoning ordinance. (R. 44.) On December 12, 2016, the CEO, unable to ascertain the new owner of the dock, issued a Notice of Violation and Stop Work Order to the Sebago Lake Shores Association ordering the removal of the dock and invalidating the dock's permit. (R. 39, 44-45.) In the Notice, the CEO specifically cited as violations the facts that the dock was too wide, that the permit had been issued to the prior owner of 48 Acadia Road, and that the dock appeared to be a permanent dock instead of a temporary dock as allowed by the permit.[1] (R. 44.) The CEO also stated that a failure to appeal the order would result in the loss of the right to challenge the decision. (R. 45.)

On March 17, 2017, after receiving notice that the dock was in violation of the Zoning Ordinance, plaintiffs filed an application with the Town to construct a "new temporary dock on association parkland." (R. 1, 39.) Plaintiffs intended the dock to remain in the same location as the former dock. (R. 39.) The CEO issued a permit for the temporary dock on March 31, 2017. (R. 1.) The lot associated with the 2017 permit is lot 48 on map 22. (R. 1.) On April 27, 2017, Defendants Daniel Valle and Hugh Solari filed an appeal with the Town's Zoning Board of Appeals to contest the issuance of the permit. (R. 4-5.)

On June 26, 2017, the Board held an evidentiary hearing during which the Board heard

---

[1] A temporary dock is a "seasonal" dock as opposed to a permanent dock that remains in the water year-round. (R. 45; 281-82.)

presentations from defendants, plaintiffs, and other members of the public. (R. 112-18.) At the conclusion of the hearing, the Board upheld the appeal and overturned the CEO's issuance of the permit. (R. 118.) In its written decision, the Board determined that: (1) because the prior dock permit was not issued to the predecessors in title of plaintiffs' property located at 32 Garland Road, but was instead issued to the owners of a different parcel located at 48 Acadia Road, plaintiffs' application was for a new dock and not a replacement dock[2]; and (2) plaintiffs had located their dock in a beach area and thus violated the Town's Zoning Ordinance. (R. 120-21.)

STANDARD OF REVIEW

Because the Town of Casco Zoning Board of Appeals conducted a de novo review by hearing evidence and deciding facts, the Board's decision is the operative decision subject to judicial review by the Superior Court. See Aydelott v. City of Portland, 2010 ME 25, ¶¶ 9-10, 990 A.2d 1024. The court reviews the decision of the Board for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. Veilleux v. City of Augusta, 684 A.2d 413, 415 (Me. 1996). The court will not "weigh the merits of evidence or substitute [its] judgment for that of the agency." Watts v. Board of Environmental Protection, 2014 ME 91, ¶ 11, 97 A.3d 115. "Substantial evidence exists if there is any competent evidence in the record to support a decision." 21 Seabran, LLC v. Town of Naples, 2017 ME 3, ¶ 10, 153 A.3d 113.

The interpretation of an ordinance is a question of law that the court reviews de novo. Aydelott, 2010 ME 25, ¶ 10, 990 A.2d 1024. The court examines "the plain meaning of the language of the ordinance and [the court] construe[s] its terms reasonably in light of the purposes and objectives of the ordinance and its general structure." Stewart v. Town of Sedgwick, 2002

---

[2] Plaintiffs argue that if the Board had found the dock was a replacement dock, it would have been permitted by section 9.12.3(C) of the zoning ordinance. Casco, Me., Zoning Ordinance § 9.12.3(C) (June 10, 2015). (Pls.' Mem. 5 n.3.)

ME 81, ¶ 6, 797 A.2d 27. The court will not interpret an ordinance in a manner that creates "absurd, inconsistent, unreasonable or illogical results." Banks v. Maine RSA #1, 1998 ME 272, ¶ 4, 721 A.2d 655. While interpretation is a question of law, substantial deference is accorded to local characterizations or fact-finding regarding what meets ordinance standards. Rudolph v. Golick, 2010 ME 106, ¶ 8, 8 A.3d 684.

DISCUSSION

Plaintiffs' appeal concerns two central issues. First, plaintiffs contend that the Zoning Board of Appeals erred when it found that the plaintiffs' dock was not a grandfathered non-conforming dock. Second, plaintiffs argue that, even if the dock did not have grandfathered status, the Board erred when it found that the dock did not meet ordinance standards.

1. Non-Conforming Status of the Dock

Plaintiffs argue that the Board erred in finding the dock was not legally non-conforming because it had been transferred to the owners of a different lot within the subdivision. Specifically, plaintiffs contend that there is nothing in the ordinance requiring a non-conforming dock to be transferred as part of a real estate transaction in order for the dock to retain its non-conforming status. Defendant Town argues that while the dock may have been non-conforming in relation to 48 Acadia Road, it is not legally non-conforming in relation to plaintiffs' property located at 32 Garland Road. Under the Town's reading, the dock is appurtenant to the lot located at 48 Acadia Road and it is the lot which has non-conforming status, not the dock itself. Defendants Vallee and Solari argue the prior dock was not legally non-conforming.

To support their argument, plaintiffs rely on Keith v. Saco River Corridor Comm'n for the proposition that "it is the building or land that is 'grandfathered' and not the owner" and therefore the non-conforming status of a use or building is "[un]affected by the user's title or possessory

4

rights in relation to the owner of the land." 464 A.2d 150, 154 (Me. 1983). Plaintiff's argue that pursuant to Keith, it is the dock and its location that is grandfathered and that remains unaffected by any change in the dock user's ownership interest in the lot located at 48 Acadia Road. Plaintiffs assert, essentially, that when they purchased the dock they purchased the right to place the dock in its current location and that this right is independent of the lot formerly associated with the dock. Plaintiffs argue that because the Ordinance allows the transfer and continued use of non-conforming uses and structures, the dock retains its non-conforming status and the permit application is for a replacement dock, not a new dock. See Casco, Me., Zoning Ordinance § 9.12.2(a); (R. 274.)

"The general rule regarding building permits is that the right conferred by such a permit is not assignable as a personal privilege, but rather only as a grant that attaches to the land." Dolan v. Town of Roque Bluffs, No. CV-94-91, 1995 Me. Super. LEXIS 139 at *6 (April 7, 1995) (citing 62 C.J.S. Municipal Corporations § 227(6)). In this case, the terms of the 2005 permit make clear that the dock is appurtenant to lot 109 on map 20. (R. 42.) The permit authorizing the dock is valid as long as it is appurtenant to lot 109 on map 20. A change in ownership of this lot would not affect the non-conforming status of any appurtenant use or structure. See Keith, 464 A.2d at 154. That status may not, however, be separated from the lot and sold in a transaction that which is independent from a sale of the lot. See Dolan, 1995 Me. Super. LEXIS 139 at *6.

When plaintiffs purchased the dock in an independent transaction, they did not validly obtain any right or privilege to place the dock in its current location and never obtained any non-conforming status associated with the dock's location. The Zoning Board of Appeals did not err when it concluded that, because the permit had previously been issued to owners of 48 Acadia Road, plaintiffs' application was for a new dock and not a replacement for a non-conforming dock.

5

## 2. Interference with a Beach Area

Plaintiffs advance two arguments in support of their contention that the Board erroneously found the dock did not meet ordinance standards. First, plaintiffs argue the Board committed error when it equated the dock's location in a beach area as interfering with the beach area. Second, plaintiffs argue that the Board's findings of fact do not sufficiently support its conclusion.

An administrative decision maker's findings must be "sufficient to show the parties, the public, and an appellate court the basis for its decision." Bodack v. Town of Ogunquit, 2006 ME 127, ¶ 16, 909 A.2d 620. When an administrative board "fails to make sufficient and clear findings of fact and such findings are necessary for judicial review, [the reviewing court] will remand the matter to the agency or board to make the findings." Carroll v. Town of Rockport, 2003 ME 135, ¶ 30, 837 A.2d 148. There is no requirement, however, that these findings be made explicitly in written form; "in some cases the subsidiary facts may be obvious or easily inferred from the record and the general factual findings, and a remand would be unnecessary." Christian Fellowship & Renewal Ctr. v. Town of Limington, 2001 ME 16, ¶ 19, 769 A.2d 834.

Pursuant to the Town of Casco's Zoning Ordinance, the location of any pier or dock "shall not interfere with existing developed or natural beach areas." Casco, Me., Zoning Ordinance § 9.13.3; (R. 281.) The Board concluded that the dock "has been located in a beach area and therefore is not permitted to remain as located." (R. 120.) Although this statement is framed as a conclusion, it contains a finding that the dock is located in a beach area. Plaintiffs argue that the finding and conclusion are inadequate and made in error because the Board did not explicitly find that the dock's location in a beach area interfered with the use of that beach area and because the Board did not identify any interference with any sandy beach area at a time of mean high water.

In support of their argument, plaintiffs cite to Stewart v. Town of Sedgwick, in which the

6

Law Court held that an ordinance provision containing the exact same language as the ordinance at issue here did not ban docks in beach areas but only banned docks that interfered with beach areas. 2002 ME 81, ¶¶ 4 n.1, 7, 797 A.2d 27. In Stewart, plaintiff-appellant appealed the decision of the Superior Court affirming a town's approval of a permit to build a dock. Id. ¶ 1. On appeal to the Law Court, plaintiff argued that all docks built on a beach interfere with the beach and that therefore the town erred when it made a finding that the dock did not interfere with the beach. Id. ¶ 7. The Law Court rejected this argument holding that the zoning ordinance did not ban docks on beaches. Id. The zoning ordinance, the Law Court explained, only required the reviewing authority to make a finding that the dock does not interfere with the beach. Id. Because plaintiff in Stewart could not cite to any record material compelling a finding that the proposed dock would interfere with the beach, the Law Court declined to vacate the board's decision which found that the dock did not interfere with the beach. See id.

In Stewart, appellants urged the Court to equate a dock's location in a beach area as per se interference with that area. In this case, plaintiffs urge the court to infer that the Zoning Board of Appeals erroneously equated the dock's location in a beach area as per se interference. Plaintiffs' argument is undermined by the record, which reveals competent evidence and testimony sufficient to support a finding that the dock was located in both a beach area and that it interfered with that beach area. (R. 81-86, 115-116.) Additionally, in both the application of appeal to the Zoning Board of Appeals and the memorandum of law filed in support of the appeal, defendants Vallee and Solari argue that the dock interferes with the beach. (R. 6, 36.) When this record evidence, argument, and ordinance language is combined with the Board's general finding that the dock is not permitted to remain as located, the court can infer that the Zoning Board of Appeals made a subsidiary finding that the dock interfered with the beach. See Christian Fellowship & Renewal

Ctr., 2001 ME at ¶ 19, 769 A.2d 834. Because there is competent record evidence to support the Board's decision, the Board's findings and conclusions are supported by substantial evidence.

CONCLUSION

The Board's decision that plaintiffs are not entitled to a dock permit is supported by substantial evidence, is not contrary to law, and does not constitute an abuse of discretion.

The entry is

> The Decision of the Town of Casco Zoning Board of Appeals is AFFIRMED.

Date: December 20, 2017

Nancy Mills
Justice, Superior Court

8