2007 ME 6

### ADOPTION OF Patricia A. SPADO.

Supreme Judicial Court of Maine.

Argued: Nov. 30, 2006.
Decided: Jan. 9, 2007.

---

Stephen W. Hanscom (orally), Crandall, Hanscom & Collins, P.A., Rockland, for appellees.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

LEVY, J.

[¶ 1] Patricia A. Spado and Yolanda Gherini, Spado's biological mother, appeal from an entry of default and default judgment in the Knox County Probate Court (*Emery, J.*) annulling the 1991 adoption of Spado by Olive F. Watson, as well as the court's denial of their motion to alter or amend the judgment and/or to set aside the default and default judgment. They argue that Spado did not default in failing to file a written reply to a petition to annul the adoption within twenty days of service, and that the court abused its discretion in refusing to set aside the default judgment. We vacate the entry of default and default judgment and remand for further proceedings.

## I. BACKGROUND

[¶ 2] Watson adopted Spado by order of the Knox County Probate Court in 1991. At the time, Watson was forty-three years old, Spado was forty-four years old, and the two were partners in a homosexual relationship. They have since separated.

[¶ 3] Fourteen years later, George J. Gillespie III and Thomas J. Watson III (the trustees) filed a petition to annul the adoption of Spado pursuant to 18–A M.R.S. § 9–315 (2005).[1] The trustees rep-

Catherine R. Connors (orally), Clifford H. Ruprecht, Hallie F. Gilman, Pierce Atwood, L.L.P., Portland, for appellants.

1. Title 18–A M.R.S. § 9–315 (2005) provides in pertinent part:

    (a) A judge of probate may, on petition of 2 or more persons and after notice and hearing, reverse and annul a decree of the Probate Court for one of the following reasons.

      (1) The court finds that the adoption was obtained as a result of fraud, duress or illegal procedures.

resent the interests of two family trusts created by Watson's father for the benefit of his children and grandchildren. After Watson's mother passed away, and Spado's interest in one trust may have vested, Spado gave the trustees notice of her interest in the trusts as Watson's adopted daughter. The trustees alleged two grounds to annul the adoption of Spado: (1) that the Probate Court had lacked jurisdiction to grant an adoption of Spado because Knox County was not Spado's residence, and (2) that Watson and Spado never intended to establish a normal parent-child relationship because the two were engaged in a same-sex relationship and had obtained the adoption to financially benefit Spado.

[¶ 4] The trustees' petition was served on Spado's attorney in Connecticut, together with a completed probate form N–103, on September 12, 2005. The form N–103 notified Spado of a hearing scheduled for October 19, 2005, regarding the annulment of her adoption and the requirement that she appear. The form notice states in pertinent part:

> THE ACTION OR ORDER SOUGHT IN THE ATTACHED PETITION MAY BE GRANTED IF NO INTERESTED PERSON APPEARS AT THE HEARING TO OBJECT. YOU MAY ALSO FILE WRITTEN OBJECTIONS TO THE PETITION, BUT THE FILING OF SUCH WRITTEN OBJECTIONS WILL NOT SUBSTITUTE FOR APPEARANCE AT THE HEARING UNLESS THE COURT SO ORDERS.

> **(2)** The court finds other good cause shown consistent with the best interest of the child.
> **(b)** Notice of a petition to annul must be given to the biological parents, except those whose parental rights were terminated

[¶ 5] Spado personally appeared at the October 2005 hearing with her counsel. The trustees objected to Spado's appearance at the hearing, contending that Spado was required and had failed to serve a written reply to the petition within twenty days after service as required by M.R. Prob. P. 12(a)(3). Two days after the hearing, Spado submitted a written objection to the petition for annulment. In response, the trustees filed a petition that urged the court to disregard Spado's written objection, and an affidavit and request for entry of default and a default judgment.

[¶ 6] The court granted the trustees' petition to disregard Spado's objection and entered a default judgment based on Spado's failure to file a written reply within twenty days of being served. Spado filed a motion to alter or amend the judgment and/or to set aside the default and default judgment, as well as a notice of appeal to this Court. We suspended the appeal and instructed the Probate Court to entertain and dispose of Spado's pending motion.

[¶ 7] The Probate Court denied Spado's motion to alter or amend the judgment and/or to set aside the default and default judgment. The court reasoned that the use of form N–103 does not obviate the requirement of Rule 12(a)(3) that a responding party must file a written objection within twenty days after service of the petition. The court concluded that because notice was "fairly given" to Spado and because Spado "had an opportunity to be heard through filing her written objections as required," her due process rights were not violated. The court also found that the failure to provide notice to Gherini

> through a proceeding pursuant to Title 22, section 4055, subsection 1, paragraph B, subparagraph (2), and to all parties to the adoption including the adoptive parents, an adoptee who is 14 years of age or older and the agency involved in the adoption.

prior to the entry of default judgment was harmless error.[2]

## II. DISCUSSION

[¶ 8] We analyze the issues presented by considering: (1) the process required to initiate a formal probate proceeding, and (2) the effect of insufficient process on the default judgment entered by the court in this case.

### A. Process Required to Initiate a Formal Probate Proceeding

[¶ 9] The Maine Rules of Probate Procedure require the use of official probate forms in Probate Court proceedings. M.R. Prob. P. 84(a). One of two forms may be used to commence a formal probate proceeding: form N–102, general notice of beginning of a formal probate proceeding, and form N–103, general notice of beginning of a formal probate proceeding with hearing date. A party commencing a probate proceeding must give other parties proper notice of the proceeding, including appearance and reply requirements: "In formal probate proceedings, the notice shall ... state the date and place of hearing or reply *if either is required,* and advise the recipient that the action or order sought may be granted if no interested person appears to object." M.R. Prob. P. 4(a)(1)(B) (emphasis added).

[¶ 10] Form N–103 corresponds to the reply requirements of M.R. Prob. P. 12(a)(2),[3] and is used to commence formal probate proceedings for the determination of testacy, appointment proceedings, and change of name proceedings. *See* M.R. Prob. P. 12(a)(2) Advisory Committee's Note to 1981 amend., Me. Rptr., 428–33 A.2d LXXVI ("Form N–103 now provides the form of notice for all formal probate proceedings covered by Rule 12(a)(2)."). Form N–103 gives notice to those served that a "return-day" procedure will be used pursuant to Rule 12(a)(2), meaning that the party is required to appear at the hearing and may also, but is not required to, file a written reply at or before the hearing. *See* M.R. Prob. P. 12(a)(2) ("Any interested person may at or before the hearing file a written reply stating objections to the action or order sought in the petition or stating any other matter which the person wishes to raise, or the person may state such objections or other matter in an oral reply at the hearing."); *see also* M.R. Prob. P. 12(a)(2) Advisory Committee's Note to 1981 amend., Me. Rptr., 428–33 A.2d LXXV (describing rule's requirements as " 'return-day' procedure"); Mitchell & Hunt, *Maine Probate Procedure: Guide to Official and Recommended Forms* § 2.3.3 at 2–32 to –33, § 2.3.5 at 2–35 (2006) (stating that those notified of a

2. A person seeking to annul a prior adoption must provide notice to the biological parents as well as to all parties to the adoption. 18–A M.R.S. § 9–315(b) (2005). The trustees did not provide notice to Gherini, Spado's biological mother, until after the default judgment was entered.

3. Maine Rule of Probate Procedure 12(a)(2) states in pertinent part:

(2) *Formal Testacy, Appointment Proceedings and Change of Name Proceedings.* In formal probate proceedings for the determination of testacy, the appointment of a personal representative, guardian or conserva-

tor, or a change of name, the notice of hearing shall set a date for hearing which shall be at least 14 days after the first publication of notice under Rule 4(e)(1) or at least 14 days after the completion of service upon all persons to be served by other means, whichever is later. Any interested person may at or before the hearing file a written reply stating objections to the action or order sought in the petition or stating any other matter which the person wishes to raise, or the person may state such objections or other matter in an oral reply at the hearing.

return-day procedure by form N–103 may appear without having filed written responses).

[¶ 11] In all other formal probate proceedings, form N–102 must be used. Form N–102 corresponds to the reply requirements of Rule 12(a)(3),[4] and directs that a reply must be served within twenty days after service:

> THIS PROCEEDING MAY AFFECT YOUR PROPERTY RIGHTS. IF YOU WISH TO CHALLENGE OR CONTEST THE PETITION OR OTHERWISE TO PROTECT YOUR RIGHTS, YOU MUST FILE A WRITTEN RESPONSE WITHIN TWENTY DAYS OF YOUR RECEIPT OF THIS NOTICE.

The annulment of an adoption pursuant to 18–A M.R.S. § 9–315 is an "other formal probate proceeding[ ]" subject to Rule 12(a)(3). Therefore, when a party seeks to annul an adoption, the party must commence the suit with form N–102. There is no return-day procedure authorized for a formal probate proceeding subject to Rule 12(a)(3).

[¶ 12] The trustees used the wrong notice to commence their suit. The practical consequences of their error are not insignificant. The plain language of Rule 4(a)(1)(B) required the trustees to state the date by which a reply was required and warn of the consequences of the failure to file a written reply. Form N–103 did not advise Spado that a written reply was required by the rule. Because the trustees used the wrong probate form to commence the proceeding, and failed to notify Spado of the reply requirement, the notice to Spado was plainly insufficient under Rule 4(a)(1)(B).

**B.  Insufficiency of Process and Entry of Default Judgment**

∎ [¶ 13] Maine Rule of Probate Procedure 55(a) provides that default shall be entered when a party "has otherwise failed to plead or otherwise act or defend as provided by these rules and that fact is made to appear by affidavit or otherwise."[5] When a default is entered, a party may be entitled to judgment by default. M.R. Prob. P. 55(b); M.R. Civ. P. 55(b). When reviewing a motion to lift a default judgment, we have previously stated that "[t]here is a strong preference in our law for deciding cases on the merits." *Thomas v. Thompson*, 653 A.2d 417, 420 (Me. 1995).

---

4.  Maine Rule of Probate Procedure 12(a)(3) states:

> (3) *Other Formal Probate Proceedings.* In all other formal probate proceedings, an interested person who wishes to state objections to the action or order sought in the petition or raise any other matter shall serve a reply within 20 days after the service of the notice and petition upon the person unless the court otherwise orders, and provided that any person served outside the continental United States or Canada may serve a reply within 50 days after such service.

5.  Maine Rule of Probate Procedure 55(a) states:

> (a) **Entry.** When a party who has been served with notice of a petition in formal probate proceedings for the determination of testacy or the appointment of a personal representative, guardian or conservator does not make written or oral reply as provided in Rule 12(a)(2), and that fact is made to appear by affidavit or otherwise, the register shall enter the party's default. When a party who has been served with notice of such a petition, or of any petition in other formal probate proceedings, or against whom a judgment for affirmative relief is sought in civil proceedings, has otherwise failed to plead or otherwise act or defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the register shall enter the party's default.

[¶ 14] In the present case, Spado appeared at the scheduled hearing on October 19, 2005, as the form N–103 instructed her to do. When the trustees subsequently petitioned for default and default judgment, Spado responded that the trustees had improperly commenced the action by using the wrong form, and that the trustees had failed to provide her with any notice that they intended to demand a written reply within twenty days. The court was thus alerted that the trustees had failed to provide Spado with the process required by Rule 4(a)(1)(B).

[¶ 15] Because Spado brought to the court's attention the insufficiency of process, and fully complied with the deficient process that was served by the trustees, the court's conclusion that she was in default was error as a matter of law, and the court abused its discretion by denying Spado and Gherini's motion to set aside the default and the default judgment. *See Estate of Gordan,* 2004 ME 23, ¶ 19, 842 A.2d 1270, 1275–76. We therefore vacate the judgment and do not reach Spado and Gherini's remaining contentions.

The entry is:

The entry of default and default judgment are vacated, and the case is remanded for further proceedings consistent with this opinion.